## MITCHEL *v.* NOELL ET AL.

PROMISSORY NOTE.—*Demurrer.—Practice.—No Error to Sustain Demurrer to Paragraph where Facts are Admissible under Other Paragraphs.*—Suit against the maker of a promissory note negotiable by the law merchant, and indorsed by the payee to the plaintiffs. Answer, first, the general denial; second, that defendant made the note for the accommodation of the payee, who indorsed the same to G. & Bro., that G. & Bro. are the legal and equitable owners thereof, and the plaintiffs had not, at the commencement of the suit and have not now, any legal or equitable interest therein; sixth, that said note was made and delivered by the defendant to the plaintiffs by the hands of one M., their authorized agent, in renewal of a certain note of the defendant, payable to G. & Bro., which note was pledged by G. & Bro. to the plaintiffs, as collateral security for a debt; that after said note sued on was so delivered to plaintiffs, the defendant, by and through said agent, M., agreed with said plaintiffs that the said defendant would procure one S. to become an indorser on said note, and to pledge certain collateral security to secure such indorsement, on condition that the defendant should be released from any liability as maker on said note, and that said S. should be held as maker thereof; that defendant performed his agreement, and plaintiffs collected a large sum on said collaterals, the amount being unknown to defendant; that defendant has fully paid and satisfied said S. the sum of money mentioned in said note, and that a suit is now pending in the United States court in this district, wherein the plaintiffs are seeking to enforce said note against said S. A reply was filed to the second and sixth paragraphs. The defendant further answered in a fifth paragraph, that the defendant had some arrangement with M., the first holder of the note in suit after its blank indorsement by S., that the defendant was not to be held liable as maker; and that M. was acting as the agent of the plaintiffs. A demurrer to this fifth paragraph was sustained.

*Held,* that all evidence admissible under this paragraph might have been given under the second and sixth paragraphs of the answer, and the sustaining of the demurrer did no injury.

SAME.—*Contemporaneous Agreement in Conflict With Terms of Note.*—A third paragraph of answer was filed, setting up an agreement contemporaneous with the making and indorsement of the note, by which the maker was not to be held liable. A fourth paragraph stated a like agreement with M., to whom it first passed by the indorsement of S., but charged no notice to the plaintiffs. A demurrer was sustained to each paragraph.

*Held,* that the ruling was correct.

APPEAL from the Marion Common Pleas.

PETTIT, J.—The appellees sued the appellant on the following note and indorsement:

"INDIANAPOLIS, April 1st, 1868.

"One year after date, I promise to pay to the order of Samuel Strauss two thousand nine hundred and eighty-eight and $\frac{88}{100}$ dollars, at the First National Bank of Indianapolis, value received, without any relief from valuation or appraisement laws.                                              J. MITCHEL.

"Endorsed.    . S. STRAUSS."

The complaint was in the usual and proper form, showing the making and endorsement of the note, and that the plaintiffs were the holders and owners of the note, and that it was unpaid, and demanding judgment, etc.    The answer was in six paragraphs.

First. The general denial.

Second. And the said defendant, Jacob Mitchel, for further answer to the plaintiffs' complaint, says that he made the note therein sued on for the accommodation of Samuel Strauss, the payee of said note; that he received no consideration for the said note from the said Samuel Strauss; that the said Samuel Strauss indorsed the said note to certain parties doing business under the firm name of Glasor & Brothers; that the said Glasor & Brothers are now, and at the commencement of this suit were, the legal and equitable owners of said note, and that the said plaintiffs have not now, and did not at the commencement of this suit, have any legal or equitable interest whatever in said note.

Third. And the said defendant, for further answer to the plaintiffs' complaint, says that the note sued on was made by the defendant for the accommodation of Samuel Strauss, the payee of said note, and without any consideration passing from the said Samuel Strauss to the defendant; that the said Samuel Strauss indorsed said note to certain parties doing business under the firm name of Glasor & Brothers; that the said firm of Glasor & Brothers, at the time they received said note from the said Samuel Strauss, had transferred to them, along with said note, by the said Samuel Strauss, certain collateral security, in consideration of which fact, and in further consideration of the fact that the said

firm of Glasor & Brothers was indebted to the said Samuel Strauss in a large sum of money, to wit, in the sum of two thousand seven hundred dollars, the said firm of Glasor & Brothers agreed to release the defendant from any and all liability upon said note; that the said note was transferred by delivery by Lewis Glasor and Max Glasor, partners in the said firm of Glasor & Brothers to the plaintiffs in this case, who received the same as 'collateral security for a pre-existing debt to them by the said Lewis Glasor and Max Glasor, with full notice and knowledge of the fact that the said firm of Glasor & Brothers had so agreed to release this defendant from any and all liability upon said note, and that the said Lewis Glasor and Max Glasor also transferred to the plaintiffs, along with said note, the collateral security so received as aforesaid, by the said firm of .Glasor & Brothers from the said Samuel Strauss, and that such collateral security is still in the hands of the plaintiffs; that said plaintiffs can collect said collateral security by due diligence.

Fourth. And the said defendant, for further answer to the plaintiffs' complaint, says that he made the note therein sued on for the accommodation of Samuel Strauss, the payee of said note, and wholly without consideration; that the said Samuel Strauss transferred said note by indorsement to certain parties doing business under the firm name of Glasor & Brothers, pledging to them at the time certain other notes, secured by mortgage upon real estate, as collateral security for the note sued on; that the said firm of Glasor & Brothers, upon such transfer of the note sued on, and the receipt of such collateral security, thereupon agreed with the said Samuel Strauss and this defendant not to look to this defendant for the payment of the note sued on until such collateral security should be exhausted by them; that the said firm of Glasor & Brothers transferred the note sued on, together with such collateral security, to the plaintiffs as collateral security for the payment of an account in the sum of three thousand dollars owed to the plaintiffs by

Lewis Glasor and Max Glasor, partners in said firm of Glasor & Brothers; that the said Lewis Glasor and Max Glasor have, since the commencement of this suit, filed their petition in bankruptcy in, and been adjudged bankrupts by, the district court of the United States for the northern district of New York, according to the provisions of the act of Congress entitled "an act to establish a uniform system of bankruptcy throughout the United States," approved March 2d, 1867; that the said plaintiffs have proved their said account before a register in bankruptcy, according to the provisions of said act of Congress; that the defendant is informed, and believes and avers the fact to be, that the estate of the said Lewis Glasor and Max Glasor, bankrupts, as aforesaid, will yield as a dividend to the plaintiffs at least fifty cents to the dollar on their said account against the said Lewis Glasor and Max Glasor, as collateral security, for which the plaintiffs hold the note sued on as aforesaid.

Sixth. The defendant, Jacob Mitchel, for further answer to the plaintiffs' complaint, says, that the note therein sued on was first made and delivered by this defendant to the said plaintiffs at the hands of one Max Glasor, who was the duly authorized agent of the said plaintiffs, in renewal of a certain note of this defendant, by the firm name of J. Mitchel & Co., payable to a certain firm known as Glasor & Brothers, which the said firm of Glasor & Brothers had, long before the date of the note sued on, pledged to the said plaintiffs as collateral security for a debt; that after the note sued on was so made and delivered to the said plaintiffs at the hands of said Max Glasor, the agent of said plaintiffs, as aforesaid, the defendant entered into an agreement with the said plaintiffs, by and through their said agent, Max Glasor, to procure one Samuel Strauss to become an indorser on said note, and to pledge to the said plaintiffs collateral security to his said indorsement, in consideration and upon condition that this defendant should be released from any and all liability upon said note, as maker thereof, and that the said Samuel

Strauss should assume, and be held for, the payment of the same; that pursuant to such agreement, this defendant did procure the said Samuel Strauss to indorse said note, and to pledge to the said plaintiffs collateral security to his said indorsement, and to assume the payment of said note; that the plaintiffs received from their said agent said note so indorsed by said Samuel Strauss, as well as the collateral security so pledged by the said Samuel Strauss, with full knowledge of the premises, and with full knowledge of such agreement, and have collected a large sum of money upon said collateral security, the amount of which this defendant does not know; that this defendant has fully paid and satisfied to the said Samuel Strauss the sum of money mentioned in said note, and that a suit is now pending in the circuit court of the United States, for the district of Indiana, wherein these plaintiffs are plaintiffs, and the said Samuel Strauss is defendant, whereby these plaintiffs are seeking to enforce said note against the said Samuel Strauss.

Demurrers for want of sufficient facts were sustained to the third, fourth, and fifth paragraphs of the answer, and there was a reply of general denial to the second and sixth paragraphs of the answer.

The only questions before us in this case are, were the third, fourth, and fifth paragraphs of the answer, or either of them, good? and if good, could not all the evidence that could have been given under them, or either of them, have been given under the second and sixth paragraphs of the answer? If all the evidence that could have been given under the third, fourth, and fifth paragraphs might have been given under the general denial and the second and sixth paragraphs of the answer, then the appellant was not injured by sustaining demurrers to the third, fourth, and fifth paragraphs.

The third paragraph of the answer is clearly bad, for setting up a parol agreement contemporaneous with the making and endorsement of the note, by which the maker was not to be held liable on it.

The fourth paragraph sets up and alleges a similar parol agreement with the Glasors, to whom the note first passed by the blank indorsement of Strauss, but does not allege any notice to the plaintiffs, who were indorsees and holders of commercial paper. For this defect it is clearly bad.

The fifth paragraph is immensely long, and for that reason we omit to set it out; but its substance is, that the defendant had some arrangement with Glasor, who was the first holder of the note after the blank indorsement of Strauss, the payee, that the defendant was not to be held liable as maker, and setting up circumstances to show that in that arrangement or agreement Glasor was acting as agent of the plaintiffs, and seeking to bind them by Glasor's acts. Without holding that the paragraph, in its great length, is good or bad, we hold that the sixth paragraph sets up, in substance, the same matter, and that all the evidence, which might have been given under the fifth paragraph, could have been given under the second and sixth paragraphs of the answer, and therefore no injury was done to the appellant by sustaining a demurrer to it.

The case was tried by the court; finding and judgment for the plaintiffs for the amount of the note. On the trial the appellant (defendant below) offered no evidence whatever, though he had two paragraphs of his answer under which he might have proved all that was necessary to defeat a recovery on the note, if he had the proper evidence to offer; which strongly impresses us with the conviction that his whole defence had no merit in it.

The judgment is affirmed, at the costs of the appellant, with two per cent. damages.

*U. J. Hammond* and *J. M. Judah,* for appellant.

*A. G. Porter, B. Harrison,* and *C. C. Hines,* for appellees.